# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA COWLEY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>PRUDENTIAL SECURITY, INC.,<br><br>      Defendant. | Case No.: 1:19-cv-01472-NONE-JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 7/1/2020<br><br>Discovery Deadlines:<br>    Initial Disclosures: 3/16/2020<br>    Non-Expert: 12/31/2020<br>    Expert: 3/15/2021<br>    Mid-Discovery Status Conference:<br>    6/30/2020 at 8:30 a.m.<br><br>Class Certification Motion Deadlines:<br>    Filing: 9/30/2020<br>    Opposition: 11/13/2020<br>    Reply brief: 12/11/2020<br>    Hearing: 1/22/2021<br><br>Conditional Certification FLSA Collection Motion Deadlines:<br>    Filing: 5/29/2020<br>    Opposition: 6/26/2020<br>    Reply brief: 7/10/2020<br>    Hearing: 8/18/2020<br><br>Pretrial Conference:<br>    3/21/2022 at 1:30 p.m., Courtroom 4 |

**I.** **Date of Scheduling Conference**

    February 20, 2020.

## II. Appearances of Counsel

David Leimbach appeared on behalf of Plaintiff.

Chris Scheithauer appeared on behalf of Defendant.

## III. Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **July 1, 2020**.[1]

## IV. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **March 16, 2020**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **December 31, 2020** and all discovery pertaining to experts on or before **March 15, 2021**.

The parties are directed to disclose all expert witnesses, in writing, on or before **January 15, 2021**, and to disclose all rebuttal experts on or before **February 15, 2021**. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The Court sets a mid-discovery status conference on **June 30, 2020**, at 8:30 a.m. at 510 19th Street, Bakersfield, California. Counsel **SHALL** file a Joint Mid-Discovery Status Conference Report one week prior to the conference, and shall also lodge it via e-mail, in Word format, to

---

[1] Related to the argument that the plaintiff has a statute of limitations problem as to the PAGA claim, the Court reminded the plaintiff that if he fails to seek amendment before the deadline set here and later chooses to do so, he must demonstrate he meets the Rule 16 factors before the Court will consider any Rule 15 issues.

JLTorders@caed.uscourts.gov. The joint statement **SHALL** outline the status of the matter, including all discovery that has been completed as well as any impediments to completing the discovery within the deadlines set forth in this order. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

### V. Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **April 1, 2021** and heard on or before **May 4, 2021**. For these hearings, counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend. Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.

All dispositive pre-trial motions shall be filed no later than **May 17, 2021** and heard no later than **July 6, 2021**. In scheduling such motions, counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

///

### VI. Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

### VII.   Motion for class certification

The motion for class certification, shall be filed no later than **September 30, 2020**. The opposition shall be filed no later **November 13, 2020** and the reply by **December 11, 2020**. The hearing will be no later than **January 22, 2021**. If the plaintiff files the motion sooner, the intervals for opposing and reply briefs set forth shall be preserved. Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL NOT** exceed 15 pages, exclusive of evidentiary objections.

Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[2] A hard-copy, courtesy copy of all filings related to the class motion **SHALL** be sent via overnight mail at the same time the filing is submitted. All of the

---

[2] No motions to strike evidence will be entertained. If the Court sustains an objection to a piece of evidence, the evidence will not be considered.

pages of evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

**VIII.  Motion for conditional certification FLSA collection**

The motion for class certification, shall be filed no later than **May 29, 2020**. The opposition shall be filed no later **June 26, 2020** and the reply by **July 10, 2020**. The hearing will be no later than **August 18, 2020**. If the plaintiff files the motion sooner, the intervals for opposing and reply briefs set forth shall be preserved. Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL NOT** exceed 15 pages, exclusive of evidentiary objections.

Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[3]  A hard-copy, courtesy copy of all filings related to the class motion **SHALL** be sent via overnight mail at the same time the filing is submitted. The pages of evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

**IX.  Pre-Trial Conference Date**

**March 21, 2022** at 1:30 p.m. in Courtroom 4.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to the assigned district judge's chambers by email. Counsel SHALL consult the docket to determine the identity of the assigned district judge, if any.

Counsels' attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**X.  Settlement Conference**

If the parties believe the matter is in a settlement posture, the parties may submit a joint written request for a settlement conference, at which time a conference will be set with the Court.

---

[3] No motions to strike evidence will be entertained. If the Court sustains an objection to a piece of evidence, the evidence will not be considered.

**XI. <u>Compliance with Federal Procedure</u>**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XII. <u>Effect of this Order</u>**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **February 21, 2020**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE