1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JOSHUA COWLEY, | Case No.: 1:19-cv-01472-NONE-JLT |
| Plaintiff, | |
| | ORDER AFTER FURTHER MID-DISCOVERY STATUS CONFERENCE; ORDER AMENDING CASE SCHEDULE; ORDER TO DEFENSE COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR HIS FAILURE TO APPEAR AT THE CONFERENCE AND COMPLY WITH THE COURT'S ORDERS |
| v. | |
| PRUDENTIAL SECURITY, INC., | |
| Defendant. | |

The Court held the further mid-discovery status conference (Doc. 20), but defense counsel failed to appear. This is despite the Court reminding counsel of the hearing via an email to all counsel providing them the instructions for the video conference.

At the further mid-discovery status conference (Doc. 20), plaintiff's counsel and the Court discussed some of the outstanding discovery issues. Plaintiff's counsel agreed to look at the requests at issue and to clarify with defense counsel the information needed so to best move the issues forward.

Due to these outstanding discovery issues and the fact that the *Belaire-West* notice was delayed due to the defense failing to provide a reasonable estimate of the number of the putative members of the collection, there is no likelihood the motion for conditional certification of the collection can be filed by the current deadline.  Thus, the Court **ORDERS**:

1

1.	**Within seven days**, defense counsel of record **SHALL** show cause why sanctions should not be imposed for their failure to appear at the further status conference;

2.	Immediately, Plaintiff's counsel **SHALL** amend or supplement its meet-and-confer correspondence to clarify the specific information sought in each disputed request;

3.	Counsel **SHALL** work cooperatively to resolve the outstanding disputes to the extent possible;

4.	Defense counsel **SHALL** make all efforts to provide substantive responses to each discovery request under dispute or **SHALL** explain in clear terms why production cannot occur. The defendant **SHALL** provide substantive responses to the extent the requests contain non-objectionable requests;

5.	To facilitate skip-tracing and to allow full information to be provided timely to the plaintiff's counsel as to the opt-in collection members, Defense counsel **SHALL** provide the third-party administrator known telephone numbers for the putative collection members within seven days or show cause to the Court why this information cannot or should not be provided;

4.	**Counsel SHALL work cooperatively to move this case forward**. The filing of the motion to change venue does not relieve counsel of this obligation. If the motion to change venue is granted, none of these current efforts are wasted and the issues raised now will still need addressing.

5.	The Court sets a further status conference on **September 3, 2020 at 2 p.m**.  A joint status report **SHALL** be filed at least seven days in advance;

6.	The case schedule is amended as follows:

a.	The conditional certification of the FLSA collection motion **SHALL** be filed no later than **October 30, 2020**;

b.	Opposition or a statement of non-opposition to the motion SHALL be filed no later than **November 4, 2020**;

///

///

///

///

        c.      The reply brief, if any, SHALL be filed no later than **December 18, 2020**. The
hearing on the motion is CONTINUED to **January 15, 2021** at 9:00 a.m.

IT IS SO ORDERED.

    Dated:   **July 31, 2020**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE