# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA COWLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>PRUDENTIAL SECURITY, INC.,<br><br>        Defendant. | Case No.: 1:19-cv-01472-NONE-JLT<br><br>ORDER AFTER INFORMAL TELECONFERENCE RE: DISCOVERY DISPUTE<br><br>(Doc. 43) |

At the request of plaintiff's counsel, the Court held a teleconference regarding a discovery dispute. (Doc. 43) At issue, was whether and how the defense would produce telephone numbers for the putative members of the FLSA collection. Both parties persisted in their previous arguments: the defense agreed to produce for inspection and copying the personnel and time keeping records for the up to 3,000 people at issue; and the plaintiff refusing anything short of the defense gathering the telephone numbers and reporting them. The Court attempted to negotiate a compromise in which the plaintiff would be provided time keeping records from multiple pay periods—which should provide most of the telephone numbers plaintiff's counsel asserted they needed—but the plaintiff's counsel refused. Of note, the plaintiff's counsel admitted that they had addresses for the people at issue, but preferred to contact them via telephone, rather than by mail, and had not made any effort to utilize the addresses.

Because the parties achieved no compromise at the teleconference, the Court **ORDERS**:

1. **No later than October 2, 2020**, the plaintiff may file a motion to compel the telephone numbers and/or the defense may file a motion for protective order. The moving party SHALL comply with Local Rule 251(c);

2. Plaintiff's informal request for the Court to amend the case schedule[1] once again, is DENIED.

IT IS SO ORDERED.

Dated:   **September 17, 2020**            **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff's counsel asked the Court to amend the case schedule despite that the Court had granted such a request on July 31, 2020. (Docs. 27, 32) At that time, the Court provided *more* additional time than requested because it appeared that the work needed to be done, could not be completed in the time sought and the Court expressly warned that it would not extend the schedule over and over again.

The current reasons stated today for the additional amendment were the same as those voiced in July (*See* Doc. 40). The Court expressed its strong dismay that the parties have continued, since early June, to debate the merits of the defendant's discovery responses and at the inefficiency and ineffectiveness of shooting off emails rather than having substantive discussions via telephone or videoconference, during which it would be more readily apparent whether compromise could be achieved or whether they were at an impasse. The Court has little sympathy for parties who allow disputes to drag on despite the Court's expressed willingness—and, in fact, its expressed requirement—that the aggrieved party bring the matter to the Court through an informal conference in a timely fashion (Doc. 14 at 3, line 17). If the parties wish to burn up their discovery time in this fashion, that is their choice. However, it is not a basis to amend the case schedule.