# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA COWLEY,<br><br>       Plaintiff,<br><br>   v.<br><br>PRUDENTIAL SECURITY, INC.,<br><br>       Defendant. | Case No.: 1:19-cv-01472-NONE-JLT<br><br>ORDER AFTER INFORMAL TELECONFERENCE RE: DISCOVERY DISPUTE (Docs. 76, 77)<br><br>ORDER TERMINATING THE NOTICE OF MOTION WITHOUT PREJUDICE (Doc. 72) |

      At the request of defense counsel, the Court held a teleconference regarding a discovery dispute. (Docs. 76, 77) At the conference, the Court learned the plaintiff has subpoenaed records from the defendant's accountant, seeking timecard and payroll records. The Court learned also that the plaintiff believes that the records held by the accountant are electronic, though the subpoena does not limit itself to electronic records, it requires production in Los Angeles, and the accountant is in Michigan. Also, though the plaintiff knows that the records will contain personal identifiers and other private information, such as social security numbers, he has failed to indicate that the account made redact this type of information despite that the plaintiff "assumed" the accountant would do so.

      The defense it does not know whether the records are only in electronic form and has no objection to the information being provided in general, it objects that the subpoena seeks information to which the plaintiff is not entitled, such as social security numbers. Indeed, the defense indicates it has begun production of similar documents, but that the time required to redact the records has made

the process slow.

The Court was also advised also that the accountant has lodged an objection to the subpoena as overly burdensome because the number of responsive documents is in the hundreds of thousands and production will require hiring a person to collect the documents and prepare them for production and because it requires the accountant to produce the documents more than 100 miles from her location.

Because the parties achieved no compromise at the teleconference, the Court **ORDERS**:

1. **No later than January 5, 2021**, the plaintiff will decide whether he will withdraw the subpoena in favor of one that addresses the concerns noted at the informal conference, e.g., redaction of personal information, cost of collection, copying and redaction of the records, production of the records within 100 miles of the third party's location. If he decides to withdraw the subpoena, he **SHALL** notify the defense and the third party **no later than January 5, 2021**;

2. The defense's notice of motion (Doc. 72) is **TERMINATED** without prejudice for failing to confer with the Court before filing it. Because this conference has now occurred, the defendant may re-file a motion challenging the subpoena, if it chooses.

IT IS SO ORDERED.

Dated:   **December 29, 2020**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

2