UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA COWLEY, on behalf of themselves and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>PRUDENTIAL SECURITY, INC.,<br><br>  Defendant. | Case No.: 1:19-cv-01472-NONE-JLT<br><br>ORDER DENYING MOTION TO COMPEL DISCOVERY RESPONSES<br><br>(Doc. 49) |

Plaintiff moves to compel Defendant to provide responses to Plaintiff's Special Interrogatories Nos. 1 and 2. (Doc. 49.) Specifically, in response to its Special Interrogatory Number 1, Plaintiff seeks the names and contact information of putative class members, and in Special Interrogatory Number 2, Plaintiff seeks the names and contact information of putative collective members. (Id.) The parties filed a joint statement regarding the discovery disagreement on November 23, 2020. (Doc. 64.) For the reasons set forth below, Plaintiff's motion to compel is **DENIED**.

I.     **Relevant Background**

Plaintiff brings this class and collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and Rule 23 of the Federal Rules of Civil Procedure for violations of the FLSA and of California wage and hour laws. (Doc. 64 at 2.) Plaintiff alleges that Defendant has failed to pay its employees for all hours worked under both federal and state law, including at minimum wage and overtime rates. (Id.) On behalf of the nationwide putative collective, Plaintiff alleges that Defendant

does not pay all required overtime or minimum wages. (Doc. 1.) Under California law, Plaintiff alleges that Defendant has failed to provide *bona fide* meal and rest breaks, has failed to reimburse employees for business expenses, has failed to provide compliant wage statements, and has failed to pay final wages as required by law. (Id.) The parties have propounded discovery in the case, but no documents have been exchanged in response to formal discovery. (Doc. 64 at 2.) The Court has recommended that the motion to change venue to the Eastern District of Michigan be granted, and a decision on the motion for conditional certification in pending. (Docs. 57, 67.) The motion for class certification is due later this year. (Doc. 62 at 2)

The subjects of Plaintiff's Motion to Compel are Defendant's responses to Plaintiff's Special Interrogatories Nos. 1 and 2, related to information about putative Class and Collective Members, respectively. (Doc. 64 at 2.) On April 9, 2020, Plaintiff served his Special Interrogatories, Set One: (Gordan Decl. ¶ 2, Doc. 64-2 at 2.)

INTERROGATORY NO. 1:

Identify all Putative Class Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

INTERROGATORY NO. 2:

Identify all Putative Collective Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

(Doc. 64-3 at 7.)

On May 4, 2020, Defendant e-mailed Plaintiff to request an extension of the deadline in which to serve responses. (Gordan Decl. ¶ 3.) In this email, Defendant's counsel stated that COVID had inflicted a heavy toll on Defendant's key personnel, including management that would be responsible for responding to Plaintiff's discovery. (Id.) The email also stated that Michigan, where Defendant's documents are located, was under one of the strictest quarantines in the county. (Id.) On May 6, 2020, Plaintiff sent an e-mail granting Defendant's request and extending Defendant's deadline to serve responses to June 19, 2020. (Id.)

On June 19, 2020, Defendant served its Responses to Plaintiff's Special Interrogatories, Set One. (Gordon Decl. ¶ 4.) On July 9, 2020, Defendant served Supplemental Responses to Plaintiff's Special Interrogatories, Set One. (Id. at ¶ 5.) In response to Plaintiff's Special Interrogatory No. 1, Defendant agreed to provide names and last-known contact information for putative class members to a Third-party administrator as part of a *Belaire-West* process and stated that "[o]nce the *Belaire-West* opt out period has expired and upon confirmation from the Third-party administrator and the Court, Defendant will confirm which names it can provide to Plaintiff." (Id.) In response to Plaintiff's Special Interrogatory No. 2, Defendant cited a new line of cases not previously cited in its initial response to No. 2 and added an additional undue burden objection. (Id.) Defendant represented that it would provide the names and last-known contact information of putative collective members to a Third-Party Administrator as part of the *Belaire-West* process and that upon its completion, Defendant would confirm which names it can provide to Plaintiff. (Id.)

The parties finalized the *Belaire-West* notice and the third-party administrator completed the mailing of the notice to putative class and collective members on July 10, 2020. (Gordon Decl. ¶ 6.) On August 11, 2020, Defendant served its Second Supplemental Reponses to Plaintiff's Special Interrogatories, Set One. (Id.) In its response to Plaintiff's Special Interrogatory No. 2, Defendant stated that after conditional certification has been granted, Defendant will allow Plaintiff to inspect its business records pursuant to Federal Rule of Civil Procedure 33(d). (Id.) On August 20 and 31, 2020, Plaintiff's counsel received class lists, less timely opt-outs, from the third-party administrator and sent those lists to Defendant's counsel. (Id.) These class lists contained the names and mailing addresses of putative class and collective members. (Id.)

On July 2, 2020, Plaintiff sent Defendant a meet and confer letter, detailing the issues with respect to Defendant's Responses to Plaintiff's Discovery Requests. (Gordon Decl. ¶ 7.) On July 8, 2020, Defendant responded to Plaintiff's meet and confer letter. (Id. at ¶ 8.) On July 30, 2020, Plaintiff sent Defendant a second meet-and-confer letter. (Id. at ¶ 9.) On August 6, 2020, Defendant responded to Plaintiff's meet-and-confer letter of July 30, 2020, via e-mail. (Id. at ¶ 10.) On August 17, 2020, Plaintiff sent Defendant an e-mail attempting to confirm that the parties were at an impasse with regards to Defendant's Responses to Plaintiff's Special Interrogatories Nos. 1 and 2. (Id. at ¶ 11.) On

August 18, 2020, Defendant responded to Plaintiff's e-mail of August 17, 2020, seeking further clarification of Plaintiff's position. (Id. at ¶ 12.) On August 21, 2020, Plaintiff sent Defendant a detailed e-mail further outlining its positions with regards to Special Interrogatories Nos. 1 and 2 and inquired about Defendant's availability for a phone call to discuss same. (Id. at ¶ 13.) On August 24, 2020, Defendant responded to Plaintiff's e-mail of August 21, 2020, responding to several of Plaintiff's concerns and outlining Defendant's position. (Id. at ¶ 14.) Defense counsel also provided his availability for a phone call to discuss Plaintiff's concerns. (Id.)

On August 25, 2020, counsel for the parties conferred telephonically to resolve the outstanding issues with regards to the Special Interrogatories Nos. 1 and 2. (Gordon Decl. ¶ 15.) Several issues were discussed, including Defendant's suggestion that Plaintiff send a copy service to copy documents at Defendant's headquarters. (Id.) Despite these efforts, the parties were unable to reach agreement as to whether Defendant was required to produce the telephone numbers for putative class and collective members and whether Defendant's offer to make available business records pursuant to Rule 33(d) of the Rules of Federal Civil Procedure was sufficient to satisfy its discovery obligations. (Id.)

On August 28, 2020, Plaintiff sent Defendant an e-mail affirming his position as outlined during the phone call of August 25, 2020, and stating that, if a resolution could not be reached, Plaintiff would seek the Court's intervention via Informal Discovery Conference. (Gordon Decl. ¶ 16.) On August 31, 2020, Defendant responded to Plaintiff's e-mail of August 28, 2020, confirming that the parties were unable to reach a resolution, and expressed its willingness to reengage in compromise discussions but offered no alternative compromise. (Id. at ¶ 17.) On September 1, 2020, recognizing impasse was reached based on Defendant's insistence on only making records available for inspection as its sole meet and confer offer, Plaintiff sent an e-mail to Defendant confirming his intention to seek the Court's intervention with regards to this dispute and requesting defense counsel's availability for the Informal Discovery Conference. (Id. at ¶ 18.) Based on the parties' availability, the Court set the Informal Discovery Conference for September 17, 2020. (Id.)

Despite the parties' meet and confer efforts, the parties were unable to reach agreement as to the nature of Defendant's obligations in responding to Plaintiff's Special Interrogatories Nos. 1 and 2. (Gordon Decl. ¶ 19.) On September 17, 2020, the parties participated in an informal discovery

4

conference with the Court. (Id.) The conference did not yield a resolution of the dispute. (Id.) The Court issued an order after informal telephonic conference regarding discovery dispute, providing that the plaintiff may file a motion to compel the telephone numbers and/or the defense may file a motion for protective order. (Doc. 47.) On October 2, 2020, Plaintiff filed a motion to compel discovery responses to Special Interrogatories Nos. 1 and 2. (Doc. 49.) At the hearing, however, plaintiff's counsel clarified that he was seeking only the last known telephone numbers—including both landline and cell numbers—for the employees.

## II.     Legal Standards

### A.     Scope of Discovery

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### B.     Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a).  A responding party must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4).  In general, a responding party

is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

### C.   Class Actions

Precertification discovery lies entirely within the court's discretion. *See* Fed.R.Civ.P. 23; *see, e.g., Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)). The Ninth Circuit states that the "advisable practice" for district courts on precertification discovery, "is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977); *see also Artis*, 276 F.R.D. at 351.

As such, discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975); *Vinole*, 571 F.3d at 942 ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted," citing *Kamm, Doninger* and *Mantolete*). It has long been the case in this circuit that:

> [t]he propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion. Where the necessary factual issues may be resolved without discovery, it is not required.

*Id.*; *see also Doninger*, 564 F.2d at 1312 (finding that to deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion). *Doninger*, 564 F.2d at 1313 (citing *Kamm*, 509 F.2d at 210). Whether to allow precertification discovery is based on "need, the time required, and the probability of discovery resolving any factual issue necessary for the determination" of whether a class action is maintainable. *Kamm*, 509 F.2d at 210.

In seeking such discovery, "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements [*i.e*., numerosity, commonality, typicality and adequacy of representation] of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion."). *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a member of a class of individuals may sue on behalf of all class members only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The defense has submitted evidence that there are only 36 putative class members. Of these, the defense reports that it has settled the case with 27 of the members. Though the plaintiff asserts that these settlements may not be valid, even if they are not, in general, a putative class of 36 members will not meet the numerosity element to form a class. *Carlino v. CHG Med. Staffing, Inc*., 2019 WL 1005070, at *3 (E.D. Cal. Feb. 28, 2019) ["A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no strict number requirement for numerosity, courts have routinely held that classes comprised of more than forty members will satisfy this prerequisite. *See Ikonen v. Hartz Mt. Corp*., 122 F.R.D. 258, 262 (S.D. Cal. 1988) ("As a general rule, classes of 20 are too small, classes of 20–40 may or may not be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough."); see *also Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1327 (W.D. Wash. 2015) ("Generally, 40 or more members will satisfy the numerosity requirement.") (quoting *Garrison v. Asotin County*, 251 F.R.D. 566, 569 (E.D. Wash. 2008)); *McMillon v. Hawaii*, 261 F.R.D. 536, 542 (D. Haw. 2009)."]

The plaintiff does not address the evidence submitted by the defense and, instead, points to its complaint. On this topic, the complaint reads, "Defendant has employed potentially hundreds of non-exempt, hourly security guards during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit." The insertion of the

word "potentially" makes the allegation as to numerosity, ambiguous. *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 660 (E.D. Cal. 2008) ("Although plaintiff has not provided the court with any form of official documentation supporting this approximation, a court may rely on common sense assumptions to support findings of numerosity.") (collecting cases). With this ambiguous allegation and the lack of anything further addressing the evidence submitted by the defendant, it appears the prima facie case as to numerosity is not met. *See Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007) ("[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer."); *see also* Rubenstein, Newberg on Class Actions § 3:13 (indicating that "a good-faith estimate of the class size is sufficient" to establish numerosity where it is supported by "enough evidence of the class's size to enable the court to make commonsense assumptions regarding the number of putative class members").  Thus, the Court DENIES the motion to compel the telephone numbers of the putative class members at this time.

### D. FLSA Collective Action

The FLSA requires employees in interstate commerce to be paid overtime at the rate of one and one-half times their regular hourly rate for hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1). An aggrieved employee may bring a collective action on behalf of himself and others "similarly situated" based on an employer's failure to adequately pay overtime wages. 29 U.S.C. § 216(b). To participate in the collective action, employees must opt-in to the litigation. *Id.* This means, of course, employees must be given notice of the action to evaluate whether to do so. "Determining whether a collective action is appropriate is within the discretion of the district court." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

It is settled that at the "notice" stage, district courts have the discretion under § 216(b) of the FLSA to direct a defendant employer to disclose the names and addresses of potential class members. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) (approving district court's order permitting discovery of names and addresses of employees who had not yet opted in to the action in order to facilitate notice). Discovery of contact information thus facilitates the issuance of a notice informing potential "opt-in" plaintiffs of the collective action.

Courts in the Ninth Circuit often require the court to first determine whether it will conditionally certify the class prior to giving notice and, therefore, routinely deny pre-certification disclosure of contact information as premature. *See*, *e.g.*, *Prentice v. Fund for Pub. Interest Research, Inc.*, No. C-06-7776 SC, 2007 WL 2729187, at *3 (N.D. Cal., Sept. 18, 2007) (holding that "the FLSA, however, does not require Defendants to provide contact information for potential plaintiffs until after the court certifies the collective action"); *see also Adams v. Inter- Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) (citing *Hoffman-La Roche*, 493 U.S. at 170) (recognizing that under the FLSA "defendant is only required to provide potential plaintiffs' contact information after conditional certification").

Other courts in this and other circuits have ordered discovery of contact information *after* determining notice to putative class members is appropriate. These courts tend to view the discovery of contact information in actions under the FLSA as facilitating the issuance of a notice informing potential "opt-in" plaintiffs of the collective action once conditional certification has been granted. *See*, *e.g.*, *Carter v. Anderson Merch.*, LP, EDCV 08-25-VAP (OPx); 2008 WL 2783193, at *7 (C.D. Cal. July 10, 2008); *see also Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 266-67 (E.D. N.Y. 2005) (after determining the threshold issue of whether putative FLSA class members are "similarly situated," court may order notification and order employer to disclose names and addresses of potential class members to facilitate notice); *Stephens v. Erosion Containment Mgmt., Inc.*, No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008) (discovery of contact information prior to conditional certification is premature); *Barton v. Pantry, Inc.*, No. 1:04CV00748, 2006 WL 2568462, at *2 (M.D.N.C. Aug. 31, 2006) (contact information not due until court rules on motion for conditional certification); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (discovery of contact information should only be allowed after a collective action has been conditionally certified).

In contrast, some courts, primarily in the Southern District of New York, have found that conditional certification is not a prerequisite to the discovery of information concerning the identity of potential class members. *See*, *e.g.*, *Fei v. WestLB AG*, No. 07 Civ. 8785(HB)(FM), 2008 WL 7863592, at *2 (S.D. N.Y. Apr. 23, 2008) (citations omitted) (although acknowledging that courts often grant

such motions to compel in tandem with the decision to grant conditional certification); *see also Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148(LBS), 2010 WL 2362981 at *2 (S.D.N.Y. June 14, 2010) (pre-certification discovery of employee contact information will enable a plaintiff to make a fuller showing at the conditional certification stage or reveal that the collective action is not suitable for certification; early access may allow a plaintiff to move for conditional certification earlier and potentially permit putative class members to opt-in earlier).

In short, though there is no blanket prohibition against permitting disclosure of contact information prior to certification in an opt-in collective action, the weight of authority in this Circuit and others, finds such discovery premature unless conditional certification has been granted. Pending before the Court is Plaintiff's motion for conditional certification (see Doc. 57), and notably, the Defendant previously provided Plaintiff the names and mailing addresses of putative class and collective members, leaving only the issue of whether Plaintiff is also entitled to employee phone numbers. (Doc. 64 at 21; Doc. 64-2 at 3.) Trial courts have broad discretion in granting or denying discovery. *Santos ex rel. Santos v. City of Culver City*, 228 Fed. App'x 655, 657 (9th Cir. 2007) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.") (citations omitted). Accordingly, the Court finds that discovery of employee phone numbers for the FLSA action is premature. Thus, the denial of Plaintiff's motion to compel with respect to Interrogatory No. 2 is warranted.

**IV.     Conclusion and Order**

Based upon the foregoing, the Court **ORDERS** that Plaintiff's motion to compel discovery (Doc. 49) is **DENIED**.

IT IS SO ORDERED.

   Dated:   **January 5, 2021**                        /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE