UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA COWLEY, | No. 1:19-cv-01472-NONE-JLT |
| Plaintiff, | ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS TO GRANT THE MOTION TO TRANSFER VENUE |
| v. | |
| PRUDENTIAL SECURITY, INC., | (Doc. No. 67) |
| Defendant. | |

Plaintiff filed this lawsuit on October 16, 2019, bringing claims against defendant Prudential Security, Inc., under both the federal Fair Labor Standards Act ("FLSA") and California wage and hour laws. (Doc. 1.) Among other things, the complaint alleges that defendant failed to pay non-exempt, hourly security guards for all hours worked; failed to pay required minimum wages; failed to pay required overtime wages; failed to authorize, permit, and/or make meal and rest periods available; failed to pay for these missed breaks; failed to pay all wages at termination; and failed to provide accurate, itemized wage statements. (*Id*. at ¶ 1.) Plaintiff worked for defendant in California City, California and seeks to represent other current and former non-exempt, hourly security guards who worked for defendant in California and elsewhere in the United States. (*Id*. at ¶ 2.)

Before the court for decision is defendant's motion to transfer venue to the United States District Court for the Eastern District of Michigan. (Doc. No. 21.) On December 11, 2020,

1

1  findings and recommendations were  issued recommending that defendant's motion to change
2  venue be granted and this case be transferred to the Eastern District of Michigan.  (Doc. No. 67.)
3  The assigned magistrate judge agreed with defendants that the gravamen of this case is the FLSA
4  action, with its "center of gravity" in Michigan because the "vast majority" of the relevant current
5  and former employees live and work in Michigan.  (*Id*. at 3.)  In addition, the magistrate judge
6  reasoned that because defendant has settled with all but nine of the 36 known and current former
7  California employees, the import of the California claims is minimal relative to the federal
8  claims.  (*See id*.)  Even if the settlements are not considered, the magistrate judge concluded that
9  a class of 36 may not be large enough to warrant certification for lack of numerosity.  (*Id*. at 3–4.)

10  The magistrate judge then found that many of the relevant factors weighed in favor of
11  transfer.  Of particular note, the pending findings and recommendations highlight that litigating
12  this action in Michigan would be more convenient for the witnesses, most of whom work and
13  reside in Michigan—a factor that is "recognized as the most important factor to be considered" in
14  a motion to transfer.  (*Id*. at 6–7 (*citing Saleh v. Titan Corp*., 361 F. Supp. 2d 1152, 1160 (S.D.
15  Cal. 2005)).)  The magistrate judge also highlighted the fact that this court's extraordinarily
16  congested calendar (with more than four times as many cases per judge than in the Eastern
17  District of Michigan) will make it very difficult to proceed to trial here in a timely manner and
18  that this weighs strongly in favor of transfer.  (*Id*. at 10–11.)

19  The findings and recommendations were served upon all parties and contained notice that
20  objections were due within fourteen days.  (*Id*. at 17.)  On December 23, 2020, plaintiff filed
21  objections to the findings and recommendations.  (Doc. No. 74.)  Defendant filed a reply on
22  January 6, 2021.  (Doc. No. 83.)

23  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
24  court has conducted a de novo review of this case.  Having carefully reviewed the entire file,
25  including plaintiff's objections and defendant's reply, the court finds the findings and
26  recommendations to be supported by the record and by proper analysis.  Plaintiff's objections do
27  not undermine the ultimate conclusion reached in the findings and recommendations that transfer
28  is warranted in this case.  For example, plaintiff claims in the objections that defendant failed to

produce any evidence to support defendant's contention that most of the California class members have settled with defendant. (Doc. No. 74 at 2-4.) Even assuming this to be true—which is certainly debatable (*see* Doc. No. 83 at 2-3)—this does nothing to dissuade the undersigned from agreeing with the magistrate judge that plaintiff's FSLA claims are the "gravamen" of this case and that consideration of this fact favors transfer to Michigan. The record supports the magistrate judge's conclusion on this point. Doc. No. 67 at 3 & n.1; Doc. No. 22 (Matthew Keywell, defendant's managing partner, declaring that the majority of the company's *more than 3,000 current and former employees resided and worked in Michigan*).[1] Even assuming, *arguendo*, that none of the 36 known California class members have settled their claims and that a class of 36 would be sufficiently numerous to warrant certification—which is also debatable, *see Carlino v. CHG Med. Staffing, Inc.*, 2019 WL 1005070, at *3 (E.D. Cal. Feb. 28, 2019)); *see also Napolitano v. Fonality, Inc.*, No. 2:14-cv-01061 R (RZx), 2014 WL 12567145, at *2 (C.D. Cal. Aug. 7, 2014)—the value of the California claims would be vastly overwhelmed by the FLSA claims by virtue of the sheer number of impacted employees.

The undersigned likewise agrees with the magistrate judge with respect to consideration of the heavily weighted factor of convenience to witnesses. With respect to the weight to be given to a plaintiff's choice of forum, plaintiff's reliance on the decision in *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) is misplaced. That case stands not for the proposition that the weight given the choice of forum in a putative class action should be diminished only if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, but rather for the quite different proposition that the forum choice of *any* plaintiff

---

[1] Plaintiff's attempts to suggest that the majority of the nationwide employees do not reside in Michigan are unpersuasive. Keywell indicated in an earlier declaration that 698 of defendant's 989 employees live and work in Michigan. (Doc. No. 21-2 at ¶ 6.) He later supplemented his declaration to clarify that the 989-employee figure did not count former employees and that if those former employees were added to the total, there would likely be more 3,263 persons in any putative FLSA collective. (Doc. No 22 at ¶ 4.) Plaintiff attempts to argue that, taken together, these two declarations demonstrate with "specificity" only that 698 of the 3,263 (or 21%) reside in Michigan. This ignores the more likely mathematical inference: if 698 out of 989 current employees (or approximately 70%) reside in Michigan, the demographics of the entire (i.e., current and former) employee pool is likely to be similar, which is consistent with Keywell's statement that the "majority" work and live in Michigan. (*Id.*)

bringing a class action or derivative suit is "given less weight" and is *further minimized* if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter.

Accordingly:

1. The findings and recommendations dated December 11, 2020 (Doc. No. 67) are adopted in full;
2. Defendant's motion to change venue (Doc. No. 21) is granted; and
3. This case is transferred to the United States District Court for the Eastern District of Michigan.

IT IS SO ORDERED.

Dated: __**January 25, 2021**__           /s/ Dale A. Drozd
                                          UNITED STATES DISTRICT JUDGE

4